BEFORE THE FIRST DIVISION, MARCH 29, 1951

No. 55389.—Capt. J. C. Hillis and Thomson Trading Co. v. United States, protests 118510–K and 125691–K (Los Angeles).

OLIVER, Chief Judge:   The merchandise involved in these suits consists of certain "pikake" shells which were assessed for duty under paragraph 1527 (a) (2), Tariff Act of 1930, as modified by the trade agreement with Mexico (T. D. 50797), at the compound rate of 55 per centum ad valorem as "jewelry."   Several claims are made in plaintiffs' protests but the one chiefly relied upon is that the merchandise is properly free of duty under paragraph 1738 as "shells, not sawed, cut, flaked, polished, or otherwise manufactured, or advanced in value from the natural state."

The pertinent provisions of the competing paragraphs are as follows:

PAR. 1527 (a) (2) [as modified by T. D. 50797].   Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof)   *   *   *:
Valued above 20 cents but not above $5 per dozen pieces   *   *   *

PAR. 1738.   *   *   *   shells, not sawed, cut, flaked, polished, or otherwise manufactured, or advanced in value from the natural state.

Official samples of the merchandise are before us. These consist of strings of shells described on the invoices as "white pikakes" (plaintiffs' exhibits 1 and 4), "yellow pikakes" (plaintiffs' exhibit 2), and "brown pikakes" (plaintiffs' exhibit 3), strung on threads 72 inches long.

The official papers before us indicate that classification of these shells was predicated upon instructions issued by the Commissioner of Customs promulgated in T. D. 51032, reading as follows:

(1) *Seed and shell strands* suitable for use as, and of a class which is sold as, jewelry as imported, or after the ends of the strings are knotted or fastened to clasps, are dutiable as jewelry under paragraph 1527 (a) (2), Tariff Act of 1930, as modified, if valued above 20 cents per dozen pieces, and not as nonenumerated manufactured articles under paragraph 1558, in the case of seed strands, nor as manufactures of shell under paragraph 1538, in the case of shell strands, even though some persons may elect to rework merchandise of that kind after importation.

Counsel for the plaintiffs maintains in its brief that there is no presumption of correctness attaching to the classification of the collector on the ground that the collector's reports do not state specifically whether the shells in question were classified as "jewelry," according to the common or commercial meaning, or whether the collector regarded them as "finished" or "unfinished," or as "parts thereof" (paragraph 1527 (a) (2), Tariff Act of 1930), and maintains that it is impossible to determine what the collector's classification was. Our attention has been directed to various decisions of this court wherein it was held that where the classification made by the collector was not sufficiently definite, there was no presumption in favor of the correctness of the collector's classification. The merchandise in the cited cases was classified for duty at certain rates without an indication as to what particular articles in the tariff paragraphs in question the classification applied. In the present case, however, we have no such situation. The merchandise before us was classified under paragraph 1527 (a) (2), Tariff Act of 1930, which provides for jewelry, finished or unfinished, including parts thereof, and the importers are in no doubt as to the classification made by the collector. We hold, therefore, for the determination of the question here involved that there is the usual presumption of correctness attaching to the collector's classification.

Merchandise of the same class as that here involved was the subject of previous litigation in *Pacific National Bank* v. *United States,* 15 Cust. Ct. 237, Abstract 50357, and *United States* v. *Colonial Bead Co.,* 36 C. C. P. A. 78, C. A. D. 401. In those cases, the collector assessed duty on certain strung pikake shells or shell strands at the rate of 35 per centum ad valorem under the provisions of paragraph 1538, Tariff Act of 1930, for manufactures of shell. The merchandise, as in the present case, was claimed free of duty under paragraph 1738 of the same act for shells, not manufactured or advanced in value from the natural state. The merchandise in the *Pacific* case, *supra,* consisted of small, fragile marine shells which had been cleaned, pierced, and temporarily strung in 72-inch lengths. Some of the shells were dyed while the others were in a kind of ivory white natural color. On the record therein the court found that the cleansing, piercing, and stringing of the shells were merely operations performed for the purpose of putting a natural product in a marketable state or for facility in transportation. They were held free of duty under paragraph 1738 as shells, not manufactured or advanced in value from their natural state. To the same effect was the holding in the *Colonial Bead* case, *supra.*

During the present trial, the record in the case of *Thomson Trading Co.* v. *United States,* 22 Cust. Ct. 297, Abstract 53093, was, without objection on the part of the defendant, incorporated in the present record. While the merchandise there was classified at 35 per centum ad valorem under paragraph 1538, Tariff

Act of 1930, providing for "manufactures of * * * shell" or "shells engraved, cut, ornamented, or otherwise manufactured," the plaintiff, as in the present case, claimed the shells to be free from duty under paragraph 1738. The examiner of the merchandise herein who had also passed upon the pikake shells in that case testified that the merchandise there involved consisted of shells of the same general character as those here in issue (R. 12). In the incorporated case, the court, based on the record made therein, stated at page 298:

Whether the shells are bleached or natural, they are pierced by a needle and strung on very fine thread measuring 72 inches in length. It appears that the stringing on threads of this length is for the purpose of achieving a standard unit of commerce and for ease of inspection and handling. Because of the frailty of the thread there is frequent breakage in transit, but, in any event, the shells are removed from the thread after importation and either restrung on stronger strings and clasps added, or used in the manufacture of jewelry, ornaments, and novelty items by pasting or gluing them to pins, clasps, combs, etc.

Further reference to the testimony in the incorporated case as to the condition and use of the shells in question is pertinent to a determination of the issue now before us. The plaintiff's witness, Carter, a manufacturer with many years' experience, testified that the shells "are used primarily for the manufacture of jewelry" (R. 10, protest 107732–K, *Thomson* case, *supra*). His testimony further indicated that after importation these pikake shells are unstrung from the original threads and, with the exception of those that are restrung for natural sales, they are "pearlized" or lacquered and given a pearl-essence finish and then restrung on a new thread. Certain items were received in evidence as articles manufactured after completion of the pearlizing and restringing operations (plaintiff's illustrative exhibits G, H, K, L, and M, protest 107732–K, *Thomson* case, *supra*). The testimony of the above witness as to the condition of these shells at the time of importation and their use was corroborated by the plaintiff's other witnesses who were likewise importers of shell and manufacturers of shell articles. All the testimony was to the effect that the shells were never used or sold in their condition as imported. The defendant's witness, in the incorporated case, on the other hand, was a retail dealer in "wooden gifts and related souvenirs" (R. 126). His testimony failed to overcome the weight of the testimony adduced by the plaintiff relative to the condition, use, and sale of these shells. The claim for free entry under paragraph 1738 of the act was there sustained.

In *United States* v. *Jules Raunheim (Inc.) et al.*, 17 C. C. P. A. 425, T. D. 43867, certain real drilled pearls, temporarily strung for facility in transportation, security, and convenience in appraisement and examination, were held not to be embraced within a provision for jewelry, finished or unfinished, under paragraph 1428, Tariff Act of 1922. In *United States* v. *Wanamaker*, 14 Ct. Cust. Appls. 285, T. D. 41888, rock crystal beads, graduated, faceted, cut, and strung, which required restringing for necklace use and which were frequently made up, sometimes in combination with rondelles, into other articles, were likewise held not to be unfinished jewelry (paragraph 1428, Tariff Act of 1922). The court therein stated, page 289:

* * * The exhibit before us is not dedicated to the making of a certain definite article of jewelry, "nor is it a certain definite article of jewelry in an incompleted or unfinished state." It was not a necklace in its imported condition and to finish it into a necklace would require more than adding to what has already been done. To finish it into a necklace all of the beads, in the order in which they are now strung, might be used, but the present temporary cord would have to be replaced with a different one.

On the present record, we are of opinion that the involved shell strands are not "suitable for use as, and of a class which is sold as, jewelry as imported, or after the ends of the strings are knotted or fastened to clasps," as classified by

the collector under paragraph 1527 (a) (2), Tariff Act of 1930, in accordance with T. D. 51032. The shells in question are not used in the condition in which imported. They are not dedicated to the making of a certain definite article of jewelry, nor are they a certain definite article of jewelry in an incomplete or unfinished state. On the other hand, we find that these shells in their imported condition have not been manufactured or advanced in value from their natural state, and hold that they are properly free of duty under paragraph 1738, Tariff Act of 1930, as "* * * shells, not sawed, * * * or otherwise manufactured, or advanced in value from the natural state," as claimed. The claim in these protests is sustained.

Judgment will be rendered accordingly.

CONCURRING OPINION

COLE, Judge: This case was heard and submitted before a single member of this court on circuit under statutory authorization issued by the chief judge to hear or to hear and determine the case (28 U. S. C., 1946 ed., Supp. III, § 254).

My views set forth in *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra*, but for the purpose of expediting the work of the court, I am joining my colleagues in the disposition of this case, and concur in the opinion and judgment attached thereto.